IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EMMANUEL FOLLY,  :
    Plaintiff,  :
      :
v.  :    CIVIL ACTION NO. 25-CV-0305
      :
CITY OF PHILADELPHIA, *et al.*,  :
    Defendants.  :

## MEMORANDUM

SCOTT, J.                                                                          MARCH 18, 2025

    *Pro Se* Plaintiff Emmanuel Folly brings this civil action pursuant to 42 U.S.C. § 1983, naming as Defendants the City of Philadelphia, the Philadelphia Police Department, and Assistant District Attorneys Vilma Cubas and Sybil Murphy. He also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Folly's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 6) and dismiss his Complaint (ECF No. 2) on statutory screening.

**I.    FACTUAL ALLEGATIONS[1]**

    Folly was discharged from his position as a Philadelphia Police Officer on May 22, 2017.[2] (Arb. Op. at 2.) His dismissal came after an investigation "initiated by the Philadelphia

---

[1] The following allegations are taken from the Complaint (ECF No. 2) and "matters of public record," of which this Court takes judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] The Court takes judicial notice of the publicly available, redacted record of Folly's arbitration proceedings, upon which his claims rely. *See Fraternal Order of Police, Lodge No. 5 v. City of Philadelphia*, AAA Case No. 01-17-003-1483 (Jan. 11, 2023) (Reilly, Arb.) (hereinafter "Arb. Op."), https://www.phila.gov/media/20230217112402/FOP-Emmannuel-Folly-discharge-

Police Department's Special Victims Unit (SVU) regarding alleged child pornography being shared" on a peer-to-peer file sharing network that was linked to an IP address later "traced to 3346 N. 15th Street, Philadelphia, Pennsylvania, where Plaintiff resided." (Compl. at 9.) Police executed a search warrant at Folly's residence on November 17, 2016, and "seized electronic devices, including a laptop, desktop, and tablet." (*Id.*) Folly states that he was summoned to appear at the Police Department's Internal Affairs Division ("IAD") on April 25, 2017, where he "fully cooperated with law enforcement, providing passwords to his devices." (*Id.*) He was then "arrested on charges of possession and disseminati[on] of child pornography under 18 Pa. C.S. § 6312." (*Id.*) However, he was found not guilty of those charges following a criminal trial in January 2022. (*Id.*; *see also* Arb. Op. at 10, 14.)

The Fraternal Order of Police filed a grievance contesting Folly's discharge from his position as a police officer and, following the conclusion of the criminal trial, proceeded to arbitration with the City pursuant to a collective bargaining agreement, with hearings held in September and November 2022. (Arb. Op. at 10.) On January 11, 2023, the Arbitrator issued findings and an opinion, concluding that, despite the not-guilty verdict in the criminal trial, "the penalty of dismissal was warranted," and the City had just cause to discharge Folly, thus denying the grievance. (*Id.* at 21.)

Folly filed this action on January 17, 2025, alleging violations of his Fourth Amendment rights based on the search and seizure at his residence and his subsequent criminal prosecution, and violations of his Fourteenth Amendment right to due process based on the failure to reinstate him and purported bias in the arbitration proceedings. (Compl. at 10-22.) For relief, he seeks to

---

FOP.pdf; *see also* Compl. at 14-22 (alleging due process violations and bias in the arbitration proceedings and citing arbitration case by number).

2

have this Court vacate the arbitration decision, reinstate him to his position as a police officer with backpay, grant him compensatory and punitive damages in an unspecified amount, and "investigative relief" ordering the "Pennsylvania Supreme Court Disciplinary Board [to] investigate the conduct" of the Assistant District Attorneys involved in his criminal and arbitration proceedings. (*Id.* at 22.)

## II. STANDARD OF REVIEW

The Court will grant Folly leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Folly's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Folly is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

All of Folly's claims are facially untimely. A statute of limitations is an affirmative defense that normally must be raised in an answer to the complaint. *See* Fed. R. Civ. P. 8(c). "[A] complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense." *Schmidt v. Skolas*, 770 F.3d 241, 248 (3d Cir. 2014). Nonetheless, a court may evaluate the statute of limitations for purposes of a dismissal at the pleading stage, "but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (internal quotation marks and citations omitted).

Folly's claims under the Fourth Amendment—for unreasonable search and seizure at his home in November 2016 and malicious prosecution in his criminal case that concluded in January 2022—are subject to a two-year statute of limitations. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (explaining that the statute of limitations for § 1983 claims is governed by the personal injury tort law of the state where the cause of action arose and that Pennsylvania has a two-year statute of limitations for personal injury actions); *see also Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [she] can file suit and obtain relief." *Dique*, 603 F.3d at 185 (quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [her] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014).

Folly's claims related to the search at his home accrued on the date of the search on November 17, 2016, because that is when he knew or should have known of the basis for his

Fourth Amendment claim. *See Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018) (illegal search claims accrue at "the moment of the search"). But he did not bring this action until over eight years later, so the time-bar appears on the face of his Complaint. His claim for malicious prosecution accrued at the time that his criminal trial concluded in a not guilty verdict in January 2022.[3] *See Coello v. DiLeo*, 43 F.4th 346, 354-55 (3d Cir. 2022) ("A § 1983 claim sounding in malicious prosecution accrues when 'the prosecution terminate[s] without a conviction.'" (quoting *Thompson v. Clark*, 596 U.S. 36, 47 (2022))). Thus, his malicious prosecution claim—brought three years after the conclusion of his criminal proceedings—is untimely by one year and therefore barred by the statute of limitations.

Folly's remaining two claims seek to vacate the decision in arbitration proceedings based on purported bias and other due process violations. As an initial matter, it is unclear whether Folly's request to vacate the arbitration award has been brought in the procedurally appropriate form. *See PG Publ'g, Inc. v. Newspaper Guild of Pittsburgh*, 19 F.4th 308, 311-13 (3d Cir. 2021) (distinguishing requests to vacate arbitration awards based on the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) (covering certain union workers), which must be

---

[3] Folly's claims of bias and due process violations are based largely on the assertion that the "arbitrator's opinion implies that the Plaintiff remains guilty, despite the acquittal." (ECF No. 2 at 9). Folly's Complaint does not include the date on which his trial ended, nor is his criminal docket publicly available, but the arbitrator's opinion discussed the trial and its outcome (*see, e.g.*, Arb. Op. at 10,14), and Folly's claims expressly rely upon the arbitrator's opinion. Accordingly, the Court takes judicial notice of the date of acquittal as the arbitrator reported it. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (noting that, when considering dismissal at the pleading stage, a court may take judicial notice of a "document *integral to or explicitly relied* upon in the complaint" (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997))); *cf. City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document. Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." (quoting *Pension Benefit Guar. Corp. v. White Consol. Industries*, 998 F.2d 1192, 1196 (3rd Cir. 1993))).

brought as civil actions, from those based on the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, which must be brought as motions in summary proceedings, and noting that the two frameworks "produce distinct types of proceedings, prescribe different legal standards, and provide separate limitations periods"); *see also* Compl. at 15, 19 (citing provisions of the FAA). However, the Court need not reach the issue of the appropriate form of action because, under either framework, Folly's action is untimely. The arbitration concluded in January 2023, but Folly did not bring this action until two years later. The limitations period to bring a challenge to an arbitration award under the LMRA is 30 days, and under the FAA is 90 days. *See id.* at 314-15. Folly's Complaint was filed well beyond either limitations period, so his action is untimely.

## IV.   CONCLUSION

For the above reasons, the Court will grant Folly leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim.[4] Folly cannot cure the defects in his Complaint, so he will not be granted leave to amend. An appropriate order will be docketed separately.

BY THE COURT:

_____
**KAI SCOTT, J.**

---

[4] Folly's Motion to Appoint Counsel (ECF No. 3) will be denied. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (before exercising discretion to appoint counsel "the district court must consider as a threshold matter the merits of the plaintiff's claim"). His Motion for Default Judgment (ECF No. 7) will be denied as moot.